UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADAKAO A. WHITTINGTON, | No. C 09-2636 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, | |
| Defendants. | |

**INTRODUCTION**

Sadakao A. Whittington, an inmate at San Quentin State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. After he filed a complaint, he filed an amended complaint. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

Sadakao A. Whittington complains of two unrelated incidents in his amended complaint. First, he alleges that he was strip-searched in front of female correctional staff and civilian staff upon his arrival at North Kern State Prison on January 1, 2008. Second, he alleges that, while he was in administrative segregation at San Quentin during the month of August 2008, he had to shower on two occasions "in a cage that offered no mid-section screen to shield my genitals from view by staff that would walk by. As a Muslim it is against my faith to be exposed to the opposite sex." Amended Complaint, p. 3. His amended complaint also alleges that he received the "run around" in his efforts to pursue an administrative appeal. Id.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at §1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The amended complaint has a joinder problem. Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." The amended complaint lists as defendants the "intake officers at Northern Kern State Prison on 1-1-08 as well as female ad-seg officers in San Quentin State Prison." Amended Complaint, ¶. 3-4.[1] The strip search claim against the correctional officials at North Kern is not properly joined with the shower claim against the correctional officials at San Quentin because the two claims involve different defendants and arise from acts and omissions that happened at two different times and places. The two claims do not satisfy Rule 20(a)(2). Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined party. See Fed. R. Civ. P. 21. Accordingly, the court will dismiss the defendant "intake

---

[1] The amended complaint also lists as a defendant the California Department of Corrections & Rehabilitation, but there are no allegations against that entity. The CDCR has no liability based on the mere fact that it employs the alleged wrongdoers because there is no respondeat superior liability in a § 1983 action.

2

1  officers at North Kern State Prison on 1-1-08" and the strip search claim for which they are the
2  defendants. The dismissal will be without prejudice to plaintiff presenting that claim in a new
3  action for which he pays a separate filing fee. If and when plaintiff files that new action, he
4  should file it in the Eastern District of California because venue is proper in that district (and not
5  in the Northern District of California). With the dismissal of that improperly joined claim, there
6  only remains the shower claim.

7  In his shower claim, Whittington alleges that he was required to shower on two occasions
8  in a shower that was unscreened, so that his genitals were not shielded from view of passers-by.
9  The amended complaint alleges only the casual and occasional viewing by a correctional officer
10 of the opposite sex that has previously been determined not to violate a prisoner's constitutional
11 rights. Although incarcerated prisoners retain a limited right to bodily privacy, the Ninth Circuit
12 has held that occasional viewing of unclothed male prisoners by female correctional officers
13 does not violate the Fourth or Fourteenth Amendment rights of the inmates. See Michenfelder
14 v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th
15 Cir. 1985). Assigned positions of female guards that require only infrequent and casual
16 observation, or observation at a distance, of male prisoners and that are reasonably related to
17 prison needs are not so degrading as to warrant court interference. See Michenfelder, 860 F.2d
18 at 334; see, e.g., Somers v. Thurman, 109 F.3d 614, 620 (9th Cir. 1997) (defendants entitled to
19 qualified immunity because, as of the time of the 1993 searches, male inmates did not have a
20 clearly established Fourth Amendment privacy interest in avoiding visual body cavity searches
21 by female officials); id. at 622 ("it is highly questionable even today [in 1997] whether prison
22 inmates have a Fourth Amendment right to be free from routine unclothed searches by officials
23 of the opposite sex, or from viewing of their unclothed bodies by officials of the opposite sex.");
24 Grummett, 779 F.2d at 494-95 (rejecting prisoners' Fourth and Fourteenth Amendment claims
25 against female guards who were assigned to positions that required infrequent and casual
26 observation or observation at a distance of sometimes disrobed prisoners). Whittington alleges
27 only two instances when he showered in an unshielded area in which he could have been
28 observed by female (and male) guards passing by the area. He has not stated a claim upon which

3

relief may be granted for an invasion of his limited right to bodily privacy. The allegation in the amended complaint that the lack of shielding in the shower went against his Muslim beliefs does not convert the two non-actionable incidents into a constitutional violation because the same legitimate penological purposes that require rejection of the invasion-of-bodily-privacy claim protect the defendants from a First Amendment claim. See Canedy v. Boardman, 91 F.3d 30, 33-34 (7th Cir. 1996) (defendants entitled to qualified immunity against Muslim inmate's claim that female prison guards' participation in strip searches and daily observation of male inmate violated his right to privacy and First Amendment freedom of religion); cf. Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1996) ("There are too many permutations to place guards and prisoners into multiple classes by sex, sexual orientation, and perhaps other criteria, allowing each group to be observed only by the corresponding groups that occasion the least unhappiness").

Within the last year, the Ninth Circuit has issued two opinions concerning strip searches, but neither is of assistance in the resolution of Whittington's shower claim (although they may provide some information to him for purposes of considering whether to press forward with his strip search claim in the Eastern District). The Ninth Circuit recently held that a Sheriff's policy requiring the strip search of all arrestees who were to be introduced into the county jail's general population for custodial housing did not violate the inmates' constitutional rights in Bull v. City and County of San Francisco, --- F.3d —, 2010 WL 431790 (9th Cir. Feb. 9, 2010) (en banc). Although Bull stands for the proposition that strip searches pursuant to a blanket policy (e.g., everyone entering the prison population may be searched without the need for individualized suspicion) are permissible, it is unhelpful with regard to the narrower issue of whether such a search of male prisoners may be done in the presence of female correctional staff because the policy at issue in Bull directed the searches to be performed by an officer of the same sex as the arrestee. See id. at *3. A case that may answer that question is now pending in the Ninth Circuit: Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, reh'g en banc granted, 583 F.3d 673 (9th Cir. 2009). The panel's decision in Byrd upheld against Fourth and Fourteenth Amendment challenges a cross-gender partial strip search and pat down of a male pretrial

4

1 detainee by a female sheriff's cadet. However, the order granting rehearing en banc stated that
2 the panel opinion could not be cited as precedent by or to any court in the Circuit. Although
3 these two cases give strong hints as to which way the law is trending, they do not control here
4 because Bull is factually distinguishable and Byrd has no precedential value.

5     Finally, it is not clear whether Whittington included the allegations in his amended
6 complaint about his administrative appeals in order to allege a claim or to explain the apparent
7 non-exhaustion of administrative remedies. There is no constitutional right to a prison
8 administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
9 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The State of California has
10 not created a protected interest in an administrative appeal system in prison or the county jails.
11 Sections 1073 and 3084.1 of title 15 of the California Code of Regulations grant prisoners in the
12 county jails and state prisons a purely procedural right: the right to have an administrative
13 appeal. The regulations simply require the establishment of a procedural structure for reviewing
14 prisoner complaints and set forth no substantive standards; instead, they provide for flexible
15 appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be
16 taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely
17 provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally
18 cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also
19 Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise
20 to protected liberty interest requiring procedural protections of Due Process Clause).
21 Whittington had no federal constitutional right to a properly functioning appeal system. An
22 incorrect decision on an administrative appeal or failure to handle it in a particular way therefore
23 did not amount to a violation of his right to due process. Any claims that correctional officials
24 erred in their handling of an inmate appeal, or failed to find in Whittington's favor on the
25 administrative appeal, are therefore dismissed without leave to amend.
26 / / /
27 / / /
28

5

**CONCLUSION**

For the foregoing reasons, this action is dismissed. The dismissal is without prejudice to plaintiff filing a new action against the North Kern intake officer for the strip search he experienced upon his arrival at North Kern State Prison.

IT IS SO ORDERED.

Dated: March 3, 2010

                                                  _____
SUSAN ILLSTON
United States District Judge